**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 11, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KITTY S. LULL,

        Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[*]

        Defendant-Appellee.

No. 13-5017
(D.C. No. 4:11-CV-00403-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[**]

Before **BRISCOE**, Chief Judge, **ANDERSON**, Circuit Judge, and **BRORBY**, Senior
Circuit Judge.

Kitty S. Lull appeals from a district court order, issued by a magistrate judge

under 28 U.S.C. § 636(c), affirming the Commissioner's decision to deny her claims

---

[*]    In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure,
Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant-appellee in
this action.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for social security disability and supplemental security income benefits.  We exercise

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g) and affirm.[1]

I.      BACKGROUND

Ms. Lull alleges disability since March 21, 2008, due to depression,

post-traumatic stress disorder, hypertension, diabetes mellitus, gastroesophageal

reflux disease, irritable bowel syndrome, a ruptured disc in her lower back, bilateral

shoulder problems, a crush injury of the left foot, and heel spurs.  The magistrate

judge thoroughly described the medical and psychological evidence; accordingly, we

need not do so here.  We discuss below the evidence pertinent to the issues presented

for our review.

Ms. Lull requested and received a hearing before an administrative law judge

(ALJ) at which she was represented by counsel.  Ms. Lull and a vocational expert

(VE) testified.  The ALJ determined that Ms. Lull could not perform her past relevant

work, but she could perform other work that existed in substantial numbers in the

national economy.  The ALJ found that Ms. Lull had the residual functional capacity

(RFC) to perform light work as defined in the applicable regulations, "limited by no

repetitious interaction with the general public or coworkers, and confined to simple,

uncomplicated tasks with routine supervision."  Aplt. App. Vol. 2 at 16.

Consequently, he denied benefits at step five of the five-step sequence for

---

[1]      Counsel are reminded of the appellant's obligation to attach to the opening brief copies of the ALJ's decision, the Appeals Council's decision, and the district court's order.  10th Cir. R. 28.2(A)(1) & (3).

determining disability. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (summarizing steps). The Appeals Council denied review and the district court affirmed.

II. ANALYSIS

"We independently review the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence . . . ." *Krauser v. Astrue*, 638 F.3d 1324, 1326 (10th Cir. 2011). Ms. Lull advances two arguments on appeal.[2] First, she contends that the ALJ failed to properly consider the medical-source evidence by disregarding an opinion that she could sit for less than six hours in an eight-hour work day and by failing to account for inconsistencies in the psychological evaluation forms. Second, Ms. Lull argues that the ALJ disregarded the testimony of the VE.

*Medical-source evidence*

Brian Boggs, M.D., completed a Physical Residual Functional Capacity Assessment form on which he indicated that Ms. Lull could "sit (with normal breaks) for a total of less than about 6 hours in an 8-hour workday." Aplt. App. Vol. 3 at 404. Ms. Lull therefore argues that she cannot perform light work because light work requires "sitting most of the time," 20 C.F.R. §§ 404.1567(b), 416.967(b) (defining "light" work). But the VE testified that of the three "light" jobs she identified as

---

[2] Ms. Lull's opening brief lists three appellate issues, but in her reply brief, she has withdrawn the third issue, as well as several pages of irrelevant material under the second issue.

- 3 -

appropriate for Ms. Lull, only one—office helper—required significant sitting. The other two jobs—merchandise marker (over one million in the national economy) and laundry classifier (506,000 in the national economy)—would require "standing for typically longer periods [than] sitting [or] changing positions or lifting," Aplt. App. Vol. 2 at 58. Ms. Lull does not challenge the VE's evidence that the number of jobs for the two non-sitting classifications exist in significant numbers in the national economy. Accordingly, the sitting limitation indicated by Dr. Boggs did not affect the ALJ's determination at step five that Ms. Lull had the RFC to perform a significant number of jobs that existed in the national economy.

Next, Ms. Lull asserts that the ALJ failed to account for the inconsistencies in the state agency reviewers' opinions concerning her abilities to maintain concentration, persistence, or pace. Two parts of the psychological evaluation documents form the basis of this argument: the Psychiatric Review Technique (PRT) and the Mental Residual Functional Capacity Assessment (MRFCA). On the PRT, Ms. Lull's ability to maintain concentration, persistence, or pace was indicated as "moderate," Aplt. App. Vol. 3 at 382, while on the MRFCA, several abilities were indicated as "markedly limited:" "[t]he ability to understand and remember detailed instructions, . . . [t]he ability to carry out detailed instructions, [and] [t]he ability to interact appropriately with the general public," *id.* at 386-87. Ms. Lull's other abilities on the MRFCA were listed as "not significantly limited," including her "ability to maintain attention and concentration for extended periods." *Id.* at 386.

- 4 -

Although Ms. Lull concedes that "the PRT form and the MRFCA form are two different forms for two different purposes," she argues that the "limitations should be the same on each form." Aplt. Opening Br. at 20.

The PRT is used to assess mental impairments for purposes of steps two (identifying severe impairments) and three (rating severity for the listings). *See generally* 20 C.F.R. §§ 404.1520a, 416.920a. It addresses the B and C criteria of the listings for mental impairments, using four categories of limitation stated in the B criteria: restriction of activities of daily living; difficulties in maintaining social functioning; difficulties in maintaining concentration, persistence, or pace; and episodes of decompensation. *See* Aplt. App. Vol. 3 at 382.

The MRFCA, on the other hand, addresses twenty specific mental functions relevant to the vocational determinations required at steps four and five. *See id.* at 386-87.

> The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings . . . and summarized on the [PRT].

SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996). Therefore, the PRT has overall ratings for various categories, including maintaining concentration, persistence, or pace, while the MRFCA has more focused categories for use in determining RFC.

- 5 -

Both the PRT and the MRFCA were completed by the same medical source on the same date. Further, the medical source opined in the MRFCA that Ms. Lull could "perform simple tasks with routine supervision[,] relate to supervisors and peers on a superficial work basis, [and] adapt to a work situation, [but could] not relate to the general public." Aplt. App. Vol. 3 at 388. The ALJ's RFC determination included the limitations in the MRFCA assessment. Ms. Lull's claim that the ALJ erred in using the MRFCA because it was inconsistent with the PRT is without merit.

*Vocational expert's testimony*

Ms. Lull also contends that the ALJ erred at step five by failing to consider relevant VE testimony. She asserts that the ALJ disregarded the VE's testimony that her moderate limitations in social functioning and concentration, persistence, or pace rendered her unable to work and therefore disabled within the meaning of the Social Security Act. She cites to the VE's testimony that a person who could not concentrate for 15 percent of the day would have significant problems, and that if the person could not concentrate for 20 percent of the workday, she could not work at all. Relying on a chart in a non-agency handbook, Ms. Lull then argues that her "moderate" impairment in concentration, persistence, or pace translates to an inability to concentrate 17 to 32 percent of the time. We decline to rely on a chart, provided without context, from a disability manual apparently published by a private institution rather than by the Social Security Administration. *Cf. Via Christi Reg'l*

- 6 -

*Med. Ctr. v. Leavitt*, 509 F.3d 1259, 1272 (10th Cir. 2007) (noting that agency's informal interpretations of an ambiguous regulation merit deference).

More to the point, we have determined above that the "moderate" limitation on which Ms. Lull relies was relevant to steps two and three, not step five. The ALJ's hypothetical question posed to the VE was consistent with the limitations found in the MRFCA, and the question was properly part of the step-five determination. *See Krauser*, 638 F.3d at 1333 (stating that the analysis at step five may include questioning the VE about jobs in the national economy that the claimant can perform). "[T]he ALJ's hypothetical [question] adequately reflected the impairments and limitations that were borne out by the evidentiary record." *Newbold v. Colvin*, 718 F.3d 1257, 1268 (10th Cir. 2013) (brackets and internal quotation marks omitted).

III.   CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court


Wade Brorby
Senior Circuit Judge